# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 07 2026

Nathan Ochsner, Clerk of Court

**TRISTAN D. BALDWIN**,

Plaintiff,

v.

Civil Action No. 26 CV 0122

**TERMINIX**,

Defendant.

# PLAINTIFF'S ORIGINAL COMPLAINT

## I. PARTIES

1. **Plaintiff**, Tristan D. Baldwin, is an adult resident of Harris County, Texas.
2. **Defendant**, Terminix, is an employer doing business in Texas, with offices located at 14900 Woodham Dr., Suite A-135, Houston, Texas 77073, and employs more than fifteen employees.

## II. JURISDICTION AND VENUE

3. This action arises under **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. §2000e et seq., and the **Americans with Disabilities Act of 1990 (ADA)**, 42 U.S.C. §12101 et seq.
4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.
5. Venue is proper in this District under 28 U.S.C. §1391 because the unlawful employment practices occurred in this District.

## III. ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed a **Charge of Discrimination** with the Equal Employment Opportunity Commission ("EEOC"), Charge No. **460-2025-06372**, alleging disability discrimination, retaliation, harassment, and constructive discharge.
7. On or about **December 1, 2025**, the EEOC issued Plaintiff a **Notice of Right to Sue**.
8. This lawsuit is filed within **90 days** of receipt of that notice.
9. A copy of the Right-to-Sue letter is attached hereto as **Exhibit A**.

## IV. FACTUAL BACKGROUND

10. Plaintiff was employed by Defendant Terminix until he was **forced to resign on September 3, 2025**.
11. Plaintiff's alternate manager, **Tiree Hampton**, falsely accused Plaintiff of calling his mistress.
12. Plaintiff denied the allegation. Shortly thereafter, Mr. Hampton began retaliating against Plaintiff.
13. Retaliation included interference with Plaintiff's pay, including blocking Plaintiff's **approved vacation pay** from December 2024 through January 2025.

14. Plaintiff repeatedly contacted Human Resources regarding the missing pay and retaliation. No corrective action was taken.
15. Plaintiff also reported retaliation to an Employee Relations representative. Again, no corrective action occurred.
16. After reporting these issues, Plaintiff experienced **additional retaliation**, including two unnecessary and unjustified write-ups issued shortly after his complaints.
17. During a conference call attended by over 100 employees, a regional manager instructed Plaintiff's branch manager to **"punish"** Plaintiff, further contributing to a hostile work environment.
18. In **May 2025**, Plaintiff took **medical leave** due to his condition.
19. While on medical leave, **Plaintiff's private medical information was disclosed to coworkers without his consent**, in violation of federal law.
20. Plaintiff continued to experience harassment during medical leave, making a return to work unsafe and not in his best interest.
21. Defendant failed to protect Plaintiff despite being aware of the retaliation, harassment, and disclosure of confidential medical information.
22. As a direct result of Defendant's actions and inactions, Plaintiff was **constructively discharged** and forced to resign.
23. Defendant's conduct caused Plaintiff significant **emotional distress**, exacerbated his medical condition, and resulted in economic loss.

# V. CAUSES OF ACTION

## COUNT I – Disability Discrimination (ADA)

24. Plaintiff incorporates the preceding paragraphs.
25. Plaintiff is a qualified individual with a disability under the ADA.
26. Defendant discriminated against Plaintiff on the basis of disability, including harassment and disclosure of confidential medical information.

27. Defendant failed to provide a safe and non-hostile work environment.

## COUNT II – Retaliation (Title VII and ADA)

28. Plaintiff engaged in protected activity by reporting discrimination and retaliation.
29. Defendant subjected Plaintiff to adverse employment actions, including pay interference, write-ups, harassment, and constructive discharge.
30. Defendant's actions were retaliatory and unlawful.

## COUNT III – Hostile Work Environment

31. Defendant's conduct was severe and pervasive.
32. The hostile environment altered the conditions of Plaintiff's employment and forced his resignation.

## COUNT IV – Constructive Discharge

33. Defendant deliberately made Plaintiff's working conditions intolerable.
34. A reasonable person would have felt compelled to resign under these circumstances.

# VI. DAMAGES

35. As a direct result of Defendant's unlawful conduct, Plaintiff suffered:

- Lost wages and benefits

- Emotional distress and mental anguish
- Medical expenses
- Loss of future earning capacity

36. Defendant acted with malice or reckless indifference, entitling Plaintiff to **punitive damages**.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor

B. Award back pay and lost benefits

C. Award compensatory damages for emotional distress

D. Award punitive damages

E. Award costs and reasonable attorney's fees

F. Grant all other relief the Court deems just and proper

## VIII. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

_____

**Tristan D. Baldwin**
Plaintiff, Pro Se
Houston, Texas
Phone: 832-727-8399
Email: tristandbaldwin@gmail.com

**Date:** _____

EEOC No. 460-2025-06372 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 460-2025-06372 |
| Texas Workforce Commission Civil Rights Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Tristan D. Baldwin

Phone No.:       832-727-8399
Year of Birth:    1989
Mailing Address: 7740 west little York rd #2014
HOUSTON, TX 77040

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Terminix
No. Employees, Members: Unknown Number Of Employees
Phone No.: (281) 545-7332
Mailing Address: 14900 woodham Dr suite A-135
HOUSTON, TX 77073, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 05/07/2025
Latest: 09/03/2025

THE PARTICULARS ARE:

I was employed by Terminix until I was forced to resign on September 3, 2025. My manager, Tiree Hampton, falsely accused me of calling his mistress. After I denied this, he retaliated against me by interfering with my pay, including blocking my approved vacation pay from December 2024January 2025. I contacted HR several times regarding the missing pay and retaliation. I also spoke with an Employee Relations colleague, but no corrective action was taken. After reporting this retaliation to HR, I experienced additional retaliation from both Tiree Hampton and David Martinez. I received two unnecessary and unjustified write-ups shortly after making my complaints. In addition, a regional manager instructed my branch manager during a conference call with over 100 colleagues to "punish" me, which further contributed to a hostile work environment. In May 2025, I took medical leave. While on medical leave, private medical information about my condition was disclosed to my colleagues without my permission. I also continued to experience harassment from the Respondent during my medical leave, which made returning to work unsafe and not in my best interest. Due to the retaliation, harassment, disclosure of my medical information, and the company's failure to protect me after I reported these issues, I was forced to resign. I am requesting that my Charge reflect retaliation, disability-related discrimination, harassment, and constructive discharge.

I believe I was retaliated against for making a complaint against Mr. Hampton in violation of Title VII of the Civil Rights Act of 1964, as amended, and the ADA of 1990.

EEOC No. 460-2025-06372 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Tristan D. Baldwin
11/26/2025

Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____
Printed Name _____